■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of DONNA CARVALHO, Appellant, v MIGUEL GALINDO, Respondent.—Orders, Family Court, New York County (Sheldon Rand, J.), entered on November 8, 1989, and on or about January 17, 1990, respectively, which, *inter alia,* affirmed in its entirety the Hearing Examiner's decision dismissing the assignor's supplemental petition, unanimously affirmed, without costs.

The instant petition was filed in March 1988. By order of the Family Court, New York County (Bruce Kaplan, J.), entered November 21, 1988, the proceeding was remanded to the Hearing Examiner for further hearing and fact-finding determinations related to, *inter alia,* whether the Department ever obtained an assignment of petitioner's support rights, and if so, during what time periods. It was determined at the hearings, based on all the evidence, that petitioner had received during the same time intervals both public assistance from Aid to Families with Dependent Children ("AFDC") and child support payments. The Support Collection Unit never recouped all of the support overpayments from petitioner's account.

Throughout the hearings, petitioner represented herself. She was often late for the scheduled hearings, was otherwise disruptive, and failed to follow the Hearing Examiner's repeated warnings. The Hearing Examiner ultimately terminated the hearing as a result of petitioner's "state of mind", but noted that a decision would be based on the extensive file.

The record demonstrates that petitioner assigned her support rights to the Department when she applied for AFDC benefits. Such assignment is mandated by law. *(See,* 42 USC § 602 [a] [26] [A]; 45 CFR 232.11 [a]; Social Services Law § 348 [2]; §§ 111-b, 111-c [2] [a].) While petitioner claims that assignment did not occur because she did not sign a "separate form" indicating as much, no such separate form is required. Moreover, one of her public assistance applications expressly referred to the assignment of support.

Although petitioner challenges the Hearing Examiner's calculation of the support funds, the record demonstrates that petitioner ultimately received more payments than she should

have. Moreover, while petitioner disagrees, the Department may collect any accrued unpaid support obligations after an assignment has ended. *(See,* 45 CFR 302.51 [f]; *Matter of Pringle v Johnson,* 158 AD2d 982.)

Finally, we find that petitioner was afforded complete due process at the administrative hearing.

We have considered all other claims and find them to be meritless. Concur—Murphy, P. J., Carro, Ellerin, Wallach and Asch, JJ.