■ MARITZA LAUREANO, Respondent, v RUSSELL MAYO, Appellant.—Judgment, Supreme Court, Bronx County (Allen Murray Meyers, J.H.O.), entered June 24, 1991, pursuant to an order of reference to hear and determine (Alan J. Saks, J.), entered February 9, 1990, which awarded plaintiff child support arrears in the sum of $25,800 plus interest, to be paid in installments of $100 per week, is unanimously affirmed, without costs, and without prejudice to the assertion of claims, if any, which may inure to the Department of Social Services under Social Services Law § 348 (2).

The parties were married on January 7, 1976 and, on April 29, 1983, entered into a separation agreement which provides, inter alia, that defendant-husband, Russell Mayo, will pay child support to plaintiff-wife, Maritza Laureano, in the sum of $100 per week until the children reach the age of 21 years or are sooner emancipated. On or about January 6, 1989, plaintiff brought this action to recover child support arrears in accordance with the separation agreement. We have examined this record, and conclude that the judgment awarding her such arrears should be affirmed.

First, we note that defendant's claim that the provisions of the separation agreement were merged into, and therefore did not survive, the divorce decree issued November 16, 1987, is raised for the first time on appeal, and is accordingly not properly before this Court.

With respect to the merits of the appeal, the Judicial

Hearing Officer found that defendant had failed to prove that he had made child support payments other than two in the amount of $100, for which he produced cancelled checks. Defendant's assertion that he made cash payments, which was denied by plaintiff, is a matter of credibility, and we see no reason to disturb the factual finding made by the Hearing Officer in this regard.

We have considered the balance of defendant's claims on appeal, and reject same for the reasons stated by the Hearing Officer. This determination shall not be construed as limiting or precluding any claims which the Department of Social Services may have pursuant to Social Services Law § 348 (2) (see, Matter of Commissioner of Social Servs. v Galindo, 172 AD2d 436, lv denied 78 NY2d 857). Concur—Carro, J. P., Ellerin, Kupferman and Kassal, JJ.