■ RENEE M. FELL, Respondent, v STANLEY C. FELL, Appellant. [623 NYS2d 315] —In a matrimonial action in which the parties were divorced by a judgment dated September 18, 1979, the defendant appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Nicolai, J.), entered August 13, 1993, which, *inter alia,* directed him to comply with certain terms of the judgment of divorce.

Ordered that the order is affirmed insofar as appealed from, with costs.

Prior to their divorce, the parties executed a separation agreement which provided that each party had the right to use certain specified real and personal marital property during his or her lifetime. The agreement expressed the parties' intention that the property ultimately be bequeathed to their two children. Thus, with respect to the specified marital property, the parties agreed to obtain a waiver of the right of election from any subsequent spouse. The separation agreement was incorporated into, but did not merge with, the parties' judgment of divorce.

The defendant remarried, and the plaintiff, upon learning that the defendant had not obtained a waiver of the right of election from his new wife, moved, *inter alia,* to compel the defendant to do so and for attorney's fees. The court, among other things, found that the defendant had violated the provision of the separation agreement requiring him to obtain a waiver of the right of election and directed him to comply with that provision, and held that the plaintiff was entitled to attorney's fees.

The defendant now argues that the waiver provision of the

separation agreement should not have been enforced by the court since that provision violates public policy. This argument "may not be used as a ground to obtain reversal in this court, as it was not raised in the court of first instance" *(Reed v Trailways Bus Sys.,* 146 AD2d 763, 764). In any event, the argument is without merit *(see,* Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:13, at 232; Rohan, Practice Commentary, McKinney's Cons Laws of NY, Book 17B, EPTL 1-2.18, at 39).

We have considered the defendant's remaining arguments and find them to be without merit. Thompson, J. P., Lawrence, Hart and Goldstein, JJ., concur.