■ In the Matter of Caroleitha C., Respondent, v Samuel David R., Appellant. [822 NYS2d 343]—

1302

Appeal from an order of the Family Court, Onondaga County (Robert J. Rossi, J.), entered March 21, 2005 in a proceeding pursuant to Family Court Act article 4. The order denied respondent's objections to an order of the Support Magistrate entered January 24, 2005.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the objections in part and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding seeking child support from respondent for the benefit of the parties' daughter. After a hearing on the petition, the Support Magistrate ordered respondent, inter alia, to pay $171.69 per week for the support of that child, and Family Court denied respondent's objections to the Support Magistrate's order. We agree with respondent that the Support Magistrate and Family Court erred when, in determining respondent's child support obligation under the Child Support Standards Act (Family Ct Act § 413), they failed to consider respondent's contention that application of the statutory percentage to the parties' combined parental income, including the amount in excess of $80,000, would be unjust and improper under the circumstances because he provided the sole support for his teenage son, who resided with him. We note in addition that the record establishes that respondent was providing child support for another child as well pursuant to a separation agreement.

The Support Magistrate did not determine whether respondent was entitled to an income offset for alimony "actually paid to a spouse not a party to the instant [proceeding] pursuant to court order or validly executed written agreement" or to an income offset for child support (Family Ct Act § 413 [1] [b] [5] [vii] [B]; see § 413 [1] [b] [5] [vii] [D]). Likewise, the record is devoid of any calculation of combined parental income, and there is no indication of the manner in which the Support Magistrate dealt with the fact that the combined parental income

was in excess of $80,000 (*see Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]; *Matter of Panossian v Panossian*, 201 AD2d 983 [1994]). In the absence of the appropriate findings and calculations, we are unable to assess whether the Support Magistrate or the court gave due consideration to the fact that respondent provided the sole support for a child in his household, a factor that must be considered pursuant to Family Court Act § 413 (1) (f) (8). Thus, we modify the order by granting respondent's objections in part, and we remit the matter to Family Court to determine respondent's child support obligation in compliance with Family Court Act § 413 following a further hearing, if necessary. Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.