JEAN M. STANLEY, Respondent, v SCOTT D. HAIN, Appellant. (Appeal No. 1.) [833 NYS2d 344]—

Appeal from an order of the Supreme Court, Erie County

(Christopher J. Burns, J.), entered January 30, 2006. The order granted plaintiff's application for an increase in the amount of child support.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the amount of child support awarded and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: By order to show cause, plaintiff sought an increase in the amount of child support set forth in the parties' separation agreement, which was incorporated but not merged in the parties' judgment of divorce. Following a hearing, Supreme Court calculated the combined incomes of the parties and determined that defendant's income was 95% of the combined parental income. By the order in appeal No. 1, the court increased defendant's child support obligation from approximately $2,000 per month to $7,000 per month and, by the order in appeal No. 2, the court awarded plaintiff counsel fees in the amount of $15,377.50.

With respect to appeal No. 1, defendant failed to preserve for our review his contention that the court was required to determine his income based on his income tax returns for the years 2003 or 2004 inasmuch as he did not submit those documents to the court (see generally Leroy v Leroy, 298 AD2d 923 [2002]; Matter of Crosby v Hickey, 289 AD2d 1013 [2001]). In any event, defendant's contention lacks merit because a court is not required to use reported income but, rather, may base its determination on a party's actual income and ability to support the children (see Matter of Graves v Smith, 284 AD2d 332 [2001]; Murphy-Artale v Artale, 219 AD2d 587 [1995]). Furthermore, we reject the contention of defendant that the court erred in its calculation of his income and the parties' combined parental income. The record establishes that, at the outset of the hearing, defendant stipulated to the amount of his average income for the three years preceding the filing of the order to show cause, and thus the court properly utilized that amount as defendant's income for child support purposes. The court also properly calculated the parties' combined parental income utilizing that amount and the amount of plaintiff's income as reflected in plaintiff's income tax returns. Based upon those amounts, plaintiff's pro rata share of the parties' combined income is 5.6% and defendant's share is 94.4%.

We are unable to review defendant's further contention that the court erred in determining the amount of child support awarded to plaintiff. Although the court articulated a proper

basis for refusing to apply the formula set forth in the Child Support Standards Act (CSSA) (Domestic Relations Law § 240 [1-b]) to the combined parental income in excess of $80,000, the court failed to set forth the findings and calculations to support its child support award of $7,000 per month (*see Matter of Cassano v Cassano*, 85 NY2d 649, 654-655 [1995]; *Matter of Caroleitha C. v Samuel David R.*, 32 AD3d 1301 [2006]; *Matter of Malecki v Fernandez*, 24 AD3d 1214 [2005]; *Matter of Gianniny v Gianniny*, 256 AD2d 1079, 1080 [1998]). In the absence of the appropriate findings and calculations, we are unable to assess whether the court gave due consideration to the statutory factors (*see Caroleitha C.*, 32 AD3d at 1303). We note in addition that, as the parties correctly contend, the court erred in determining the extent to which the award should be adjusted based upon a split custody situation that arose after one of the parties' three children left plaintiff's home in order to reside with defendant. We therefore modify the order in appeal No. 1 by vacating the amount of child support awarded, and we remit the matter to Supreme Court to determine defendant's child support obligation in compliance with the CSSA.

With respect to the order in appeal No. 2, defendant failed to preserve for our review his contention that the parties' separation agreement was a bar to plaintiff's applications for counsel fees (*see Russo v Russo*, 305 AD2d 486, 486-487 [2003]; *Fell v Fell*, 213 AD2d 374, 374-375 [1995]; *Laureano v Mayo*, 189 AD2d 614 [1993]). We reject defendant's further contention that the doctrine of law of the case bars further litigation of the issue of counsel fees (*see generally Matter of Harmon v Kern*, 159 AD2d 502, 503 [1990]; *Matter of D'Alimonte v Kuriansky*, 144 AD2d 737, 738-739 [1988]). Nevertheless, we agree with defendant that a hearing is required with respect to "the extent and value of the services rendered" (*Ott v Ott*, 266 AD2d 842, 842 [1999]; *see Gentile v Gentile*, 31 AD3d 1158, 1159 [2006]). We therefore modify the order in appeal No. 2 by vacating the amount of counsel fees awarded, and we remit the matter to Supreme Court for a hearing on that issue.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Smith, Centra, Lunn and Fahey, JJ.