■ THOMAS FILIACI, Appellant, v JERI-LYNN FILIACI, Respondent. [891 NYS2d 569]—

We reject plaintiff's further contention that the court abused its discretion in awarding defendant maintenance for a period of six years. Rather, the court should have provided that defendant is entitled to maintenance for a period of six years, until the death of either party, or until defendant's valid or invalid

marriage (*see* Domestic Relations Law § 236 [B] [1] [a]; [6] [c]; *McLoughlin v McLoughlin*, 63 AD3d 1017, 1018 [2009]; *Haines v Haines*, 44 AD3d 901, 903 [2007]). We therefore further modify the supplemental judgment accordingly.

We conclude that the court properly awarded defendant one half of the proceeds from the sale of certain stock and one half of the costs of the computer training programs purchased by plaintiff. The record does not support plaintiff's contention that the stock and computer programs were purchased with funds from plaintiff's separate property. The court also did not abuse its discretion in awarding defendant one half of the parties' 2006 federal and state income tax refunds.

We further agree with plaintiff, however, that the court erred in directing him to pay defendant's attorney's fees and expenses in its interim orders and in the supplemental judgment. The court issued an interim order on May 15, 2007 that, inter alia, directed plaintiff to pay the Law Guardian a retainer of $1,000 and defendant's attorney the sum of $4,000 from an escrow fund. The court issued a second order on October 24, 2007 that, inter alia, directed plaintiff to pay defendant's attorney the sum of $6,972.53 and to pay the court reporter deposition fees in the sum of $1,451.60 from the escrow fund. The court issued a third order on November 30, 2007 that directed plaintiff to pay an additional $2,800 to the Law Guardian from the escrow fund. The supplemental judgment directed plaintiff to pay defendant's attorney the sum of $8,203.05 from the escrow fund, as well as an additional sum of $13,206.05. The three orders and supplemental judgment are not supported by affidavits from which the court could "determine the nature, quality and reasonableness of the services rendered" (*Cooper v Cooper*, 179 AD2d 1035, 1036 [1992]; *see Mulcahy v Mulcahy*, 170 AD2d 587, 588 [1991]). Although defendant's attorney submitted an affidavit in support of defendant's order to show cause seeking, inter alia, the attorney's fees awarded in the May 15, 2007 interim order, that affidavit merely alleged in a conclusory manner the total numbers of hours that the attorney had expended to date, and defendant failed to submit any other affidavits concerning attorney's fees. We therefore further modify the supplemental judgment accordingly, and we remit the matter to Supreme Court for a hearing to determine the reasonable amount of fees and expenses to be awarded to defendant's attorney, the Law Guardian and the court reporter (*see Stanley v Hain*, 38 AD3d 1205, 1207 [2007]).

Finally, plaintiff contends that the court erred in holding him in contempt for failing to comply with an interim maintenance

order because the court failed to comply with the procedural requirements of Judiciary Law § 756, as mandated by Domestic Relations Law § 245. We reject that contention. Domestic Relations Law § 245 is applicable only where contempt is sought as a means of enforcing a court order, and that is not the case here. Rather, the court made a finding of criminal contempt pursuant to Judiciary Law § 750 based on defendant's willful failure to pay maintenance in violation of an interim order, and the court imposed no sanction for that contempt. Present— Scudder, P.J., Hurlbutt, Smith and Centra, JJ.