# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**535**

**CAF 10-02110**

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF JOHN LEONARDO,
PETITIONER-APPELLANT,

V                                                        MEMORANDUM AND ORDER

ELAINA M. LEONARDO, RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR PETITIONER-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Family Court, Onondaga County
(Michael L. Hanuszczak, J.), entered August 30, 2010 in a proceeding
pursuant to Family Court Act article 4.  The order, among other
things, directed petitioner to pay the sum of $282 per week in child
support.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner father commenced this proceeding seeking
a downward modification of his child support obligation based on a
change in employment.  In the amended petition, the father sought to
vacate the prior order of support and to require respondent mother to
pay him support because he had physical custody of the children for
more time than the mother.  Following a hearing, the Support
Magistrate granted the father's amended petition in part by reducing
his support obligation.  Family Court denied the objections of the
father to the Support Magistrate's order and modified that order by
denying the amended petition in its entirety and increasing the
father's support obligation.

The father contends that the Support Magistrate did not have
jurisdiction to hear and determine this proceeding because the father
alleged that he was now the custodial parent (*see generally* Family Ct
Act § 439 [a]).  We reject that contention.  The Support Magistrate
properly considered the current custodial arrangement in determining
which parent was the custodial parent for purposes of child support
(*see Matter of Hunt v Bartley*, 85 AD3d 1275, 1276-1277; *Matter of
Moore v Shapiro*, 30 AD3d 1054, 1055).  Contrary to the father's
further contention, the court properly imputed income to him and

denied his amended petition in its entirety. With respect to the father's allegation in the amended petition that he was entitled to a vacatur of the order of support or a downward modification of his support obligation on the ground that he was spending more time with the children, the Support Magistrate and the court properly determined that he remained the noncustodial parent for child support purposes (*see generally Bast v Rossoff*, 91 NY2d 723, 728-732). With respect to the father's further allegation in the amended petition that he was entitled to a downward modification of his support obligation on the ground that he was no longer employed full time, that fact did not constitute the requisite change in circumstances because the father presented no evidence establishing that he diligently sought re-employment commensurate with his former employment (*see Matter of Muselevichus v Muselevichus*, 40 AD3d 997, 999; *see also Jelfo v Jelfo*, 81 AD3d 1255, 1257). The court therefore properly imputed income to the father because he failed to demonstrate that he was unable to earn the same salary that he was earning at the time of the judgment of divorce (*see Matter of Monroe County Support Collection Unit v Wills*, 21 AD3d 1331, 1332, *lv denied* 6 NY3d 705; *see also Filiaci v Filiaci*, 68 AD3d 1810, 1811).

Finally, the father contends that he was denied effective assistance of counsel. The father did not have a right to counsel in this child support modification proceeding (*see* Family Ct Act § 262 [a]; *Matter of Commissioner of Social Servs. of City of N.Y. v Remy K.Y.*, 298 AD2d 261, 262). The father's contention therefore may not be considered absent extraordinary circumstances, which are not present here (*see Lewis v Lewis*, 70 AD3d 1432, 1434; *Matter of Ferrara v Ferrara*, 52 AD3d 599, 600, *lv denied* 11 NY3d 706; *Matter of Cichosz v Cichosz*, 12 AD3d 598, 599).

Entered: April 20, 2012                    Frances E. Cafarell
                                           Clerk of the Court