# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**581**

**CA 10-02342**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

SUSAN T. HUGHES, PLAINTIFF-APPELLANT,

V                                                            MEMORANDUM AND ORDER

SCOTT H. HUGHES, DEFENDANT-RESPONDENT.

---

SIEGEL, KELLEHER & KAHN, BUFFALO (MICHELLE G. CHAAS OF COUNSEL), FOR PLAINTIFF-APPELLANT.

---

Appeal from a judgment of the Supreme Court, Niagara County (Frank Caruso, J.), entered February 24, 2010 in a divorce action. The judgment, insofar as appealed from, directed defendant to pay plaintiff maintenance for a period of six years.

It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs, the 11th decretal paragraph is vacated and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following Memorandum: Plaintiff, as limited by her brief, appeals from that part of an order directing defendant to pay plaintiff maintenance for a period of six years. "Although the order is subsumed in the final judgment of divorce subsequently entered and the appeal properly lies from the judgment," we exercise our discretion to treat the notice of appeal as valid and deem the appeal taken from the judgment (*Nichols v Nichols* [appeal No. 1], 291 AD2d 875; *see* CPLR 5520 [c]). According to plaintiff, Supreme Court should not have set a durational limit on the award of maintenance. The record before us does not contain the financial statements of either party, and the testimony of the parties and other evidence does not sufficiently detail the parties' expenses. Domestic Relations Law § 236 (B) (4) (a) requires that, "[i]n all matrimonial actions and proceedings in which . . . maintenance . . . is in issue, there shall be compulsory disclosure by both parties of their respective financial states," including sworn statements of net worth, representative paycheck stubs, recent federal and state tax returns, and W-2 statements. Without sufficient information in the record, we are unable to determine whether the court erred in setting a durational limit on the award of maintenance. We therefore reverse the judgment insofar as appealed from, vacate the award of maintenance and remit the matter to Supreme Court for a new hearing on the amount and duration of

maintenance to be awarded to plaintiff (*see id.; see generally Matter of Harvey v Benedict*, ___ AD3d ___ [Apr. 1, 2011]).

Entered:  May 6, 2011                          Patricia L. Morgan
                                               Clerk of the Court