■ In the Matter of ANN MARIE MOORE, Respondent, v MATTHEW SHAPIRO, Appellant. [815 NYS2d 855]—

Appeal from an order of the Family Court, Monroe County (Gail A. Donofrio, J.), entered March 16, 2005 in a proceeding

pursuant to Family Court Act article 4. The order denied respondent's objections to the order of the Support Magistrate.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly denied respondent's objections to the Support Magistrate's order determining that petitioner is the custodial parent for child support purposes and ordering respondent to pay biweekly child support in the amount of $75. "[W]here, as here, the parents' custodial arrangement splits the child[ ]'s physical custody so that neither can be said to have physical custody of the child[ ] for a majority of the time, the parent having the greater pro rata share of the child support obligation . . . should be identified as the 'noncustodial' parent for the purpose of support regardless of the labels employed by the parties" (*Baraby v Baraby*, 250 AD2d 201, 204 [1998]; *see Matter of Carlino v Carlino*, 277 AD2d 897 [2000]). Here, the Support Magistrate determined that respondent had the greater pro rata share of the child support obligation (*see* Domestic Relations Law § 240 [1-b]; *Bast v Rossoff*, 91 NY2d 723, 727 [1998]), and there is no basis on the record before us to disturb that determination. Respondent contends for the first time on appeal that the Support Magistrate erred in refusing to impute a higher income to petitioner and thus that contention is not preserved for our review (*see Matter of Ouimet v Ouimet*, 186 AD2d 1002 [1992]). In any event, there is no evidence in the record that petitioner willfully reduced her earnings below her earning capacity (*see generally Matter of Fries v Price-Yablin*, 209 AD2d 1002, 1003 [1994]). Present—Hurlbutt, J.P., Scudder, Martoche, Smith and Hayes, JJ.