■ ALAN RAYMOND BARR, Appellant, v CATHLEEN CANNATA, Respondent. [870 NYS2d 120]—

The parties, who were never married to each other, are the parents of two young children. In May 2006 the father filed a petition in the Family Court, Suffolk County, seeking custody of the children. The mother cross-petitioned for custody, and additionally petitioned for child support. During the course of the Family Court proceedings, the parties entered into a so-ordered stipulation in which they agreed to temporarily share equal physical custody of the children. After the parties reached their temporary custody agreement, a Family Court Support Magistrate denied the mother's petition for child support. The Support Magistrate found that the parties had joint residential custody, and deemed the father the noncustodial parent because he had a greater income. However, the Support Magistrate declined to direct the father to pay child support because he was paying his adult daughter the sum of approximately $300 per week to care for the children in his home, and the children thus spent a greater amount of time at his residence.

The parties subsequently reached an agreement to discontinue

the pending Family Court custody proceeding in favor of the father's commencement of an action in the Supreme Court. On consent of the parties, the Family Court directed the continuation of all existing orders in the custody proceeding without prejudice "until the further order of a court of competent jurisdiction."

The father thereafter commenced this action, inter alia, for awards of custody and child support in the Supreme Court, Suffolk County, and moved for sole legal and physical custody of the children. The mother counterclaimed, inter alia, for custody and child support. The Supreme Court referred the issue of custody to the trial court for determination, but awarded the mother child support pendente lite, noting that where parents share joint physical custody, the parent with the greater income is deemed to be the noncustodial parent for purposes of determining support.

Contrary to the father's contention, the Supreme Court did not violate the law of the case doctrine by directing him to pay child support pendente lite. The law of the case doctrine is based upon the fundamental principle that a judge may not review or overrule an order of another judge of coordinate jurisdiction in the same action or proceeding (see Matter of Cellamare v Lakeman, 36 AD3d 905 [2007]; Forbush v Forbush, 115 AD2d 335, 336 [1985]). This principle has no applicability here, where the prior order denying the mother child support was issued by a Support Magistrate in a different proceeding. In any event, this Court is not bound by the doctrine of law of the case under these circumstances and, thus, may review the Supreme Court's award of temporary child support on the merits (see Martin v City of Cohoes, 37 NY2d 162, 165 [1975]; Matter of Cellamare v Lakeman, 36 AD3d 905 [2007]; Long Is. Sound, LLC v O'Brien & Gere Engrs., Inc., 25 AD3d 668 [2006]; Post v Post, 141 AD2d 518, 519 [1988]).

Under the circumstances of this case, the Supreme Court properly deemed the father to be the noncustodial parent for the purpose of determining temporary support. Here, the temporary custodial arrangement agreed to by the parties essentially split physical custody of the children on an equal basis. Thus, the parent with the higher income, who bears the greater share of the child support obligation, in this case the father, should be deemed the noncustodial parent for the purpose of support (see Bast v Rossoff, 91 NY2d 723 [1998]; Powers v Powers, 37 AD3d 316 [2007]; Carpenter-Siracusa v Siracusa, 34 AD3d 611 [2006]; Matter of Moore v Shapiro, 30 AD3d 1054 [2006]). Furthermore, while the father contends that applica-

tion of the Child Support Standards Act (hereinafter CSSA) in this case yielded a temporary child support award which was unjust or inappropriate, we note that modifications of pendente lite awards should rarely be made by an appellate court, and then only under exigent circumstances, which do not exist here (*see Hatem v Hatem*, 49 AD3d 812 [2008]; *Swickle v Swickle*, 47 AD3d 704 [2008]; *DeVerna v DeVerna*, 4 AD3d 323 [2004]). As we have repeatedly observed in analogous circumstances where challenges to temporary support awards are made in matrimonial actions, perceived inequities in pendente lite support can best be remedied by a speedy trial (*see Pascazi v Pascazi*, 52 AD3d 664 [2008]; *Swickle v Swickle*, 47 AD3d 704 [2008]; *Susskind v Susskind*, 18 AD3d 536 [2005]; *Najac v Najac*, 12 AD3d 579 [2004]).

We are not persuaded by our dissenting colleague's view that it was premature or inappropriate for the Supreme Court to determine the issue of temporary support based upon the stipulation by the parties to share equal physical custody, and the father's superior income. Notably, the parties' agreement to share custody should not be deemed altered merely because child care while the parents are at work is provided by the father's adult daughter. Furthermore, an award of pendente lite child support to the mother is fully in keeping with the objectives of the CSSA. The CSSA was enacted in large measure to ensure that children "do not unfairly bear the economic burden of [parental] separation" (*Bast v Rossoff*, 91 NY2d at 731, quoting Governor's Approval Mem, Bill Jacket, L 1989, ch 567, at 1, 2), and applying the CSSA guidelines in shared custody cases assures "that children will realize the maximum benefit of their parents' resources and continue, as near as possible, their preseparation standard of living, in each household" (*Baraby v Baraby*, 250 AD2d 201, 204 [1998]).

Nor can we agree with our dissenting colleague's conclusion that "the only rational import of the activity in the Family Court" is that the parties reached an agreement on their respective child support obligations without prejudice to potential alteration by the Supreme Court upon a final determination of custody. While the parties reached a voluntary agreement regarding temporary custody, they reached no such agreement as to temporary support. Moreover, the fact that the parties' respective support obligations may be modified if the court ultimately determines that shared custody is inappropriate does not warrant the denial of pendente lite support. Our dissenting colleague's position that the mother would not be prejudiced by the denial of temporary support because she might be able to

recoup accrued support after a final custody determination is made disregards the fact that she has substantially less income and financial resources than the father. The mother thus requires temporary child support during the pendency of what could potentially be a lengthy custody battle in order to maintain a home for the children in accordance with the parties' preseparation standard of living. Mastro, J.P., Carni and Eng, JJ., concur.

Lifson, J. (dissenting and voting to reverse the order insofar as appealed from, deny that branch of the mother's cross motion which was for an award of pendente lite child support, and remit the matter to the Supreme Court, Suffolk County, for a determination of child support after determination of the custody issues, with the following memorandum): The parties hereto are parents of two children. A petition for custody was initially filed in the Family Court. Pending determination of custody and support, the parties entered into a so-ordered stipulation which in essence provided that the parties were to share physical custody equally. The Family Court, in pertinent part, found that the father's adult daughter by a different relationship provided child care service five days a week and that the children spent a majority of their time under the father's dominion, during which time he provided for all their essential needs. However, the Family Court deemed the father to be the noncustodial parent for purposes of determining child support, based on his superior income. Based upon its finding that the father provided substantially for the needs and supervision of the children, the Family Court determined that he was obligated to pay no child support to the mother.

Thereafter, the parties agreed to discontinue the Family Court proceeding without prejudice to litigating the issue of custody in the Supreme Court. The consent order of the Family Court, in pertinent part, provided that all preexisting orders would continue without prejudice.

In the Supreme Court the father commenced this action, inter alia, for custody and child support, and the mother counterclaimed for the identical relief. Each party moved for interim relief. Pending the outcome of the custody hearing, the Supreme Court, in effect, granted that branch of the mother's cross motion which was for pendente lite child support to the extent of directing the father to pay the sum of $426 per week. The father appeals to this Court, alleging that pending the final determination of the Supreme Court with respect to custody, the Family Court order should control. The majority would affirm. For the reason stated below I respectfully dissent.

The Supreme Court relied on the finding of the Family Court in determining that the father was the noncustodial parent, but ignored the more significant finding that the children spent a majority of their time with the father or his surrogate and that he was providing substantially for their needs. The Supreme's Court reliance on the respective income of the parties was premature.

Where, as here, the parties endeavor to share custody, in determining the appropriate child support standard the court must first determine who is deemed to be the custodial parent. Generally, in a shared custody situation where the court has determined that one party or the other has more time with the children such person is deemed the custodial parent (*see Bast v Rossoff,* 91 NY2d 723 [1998]; *Baraby v Baraby,* 250 AD2d 201 [1998]). Where the apportionment of time between the parents is truly equal, a court may deem the party with superior income to be the noncustodial parent (*see e.g. Carpenter-Siracusa v Siracusa,* 34 AD3d 611 [2006]). Here, further analysis of the apportionment of time is unwarranted since it was previously determined that the children were with the father a majority of the time and he should have been deemed the custodial parent, solely for the purposes of fixing child support.

Furthermore, I note that the only rational import of the activity in the Family Court is that the parties had agreed temporarily on their respective child support obligations without prejudice to its potential alteration by the Supreme Court upon the *"final* determination" (emphasis added) of the custody issue. Such an outcome would not prejudice the mother since the right to recoup any child support that might accrue to her during the pendency of the action would be preserved. Any other interpretation would render the litigation (completed in the Family Court upon consent) a nullity, a result which the parties purposefully avoided. In my view, the Supreme Court's pendente lite order should be reversed insofar as appealed from, that branch of the mother's cross motion which was for pendente lite child support should be denied, and the matter should be remitted to the Supreme Court, Suffolk County, for a new determination of the support issue, along with the other economic issues identified in the Supreme Court's order, abiding the determination of the custody litigation.