■ CAROL R. JOHNSTON, Appellant, v DANIEL S. JOHNSTON, Respondent. [881 NYS2d 560]—

Appeal from a judgment of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered February 28, 2008 in a divorce action. The judgment, among other things, directed plaintiff to pay defendant child support.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by providing that defendant's pro rata share of the child support obligation is 71% and plaintiff's pro rata share of the child support obligation is 29% and that plaintiff shall pay to defendant the amount of $111.54 per week for child support and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff appeals from a judgment of divorce that, inter alia, directed her to pay to defendant the sum of $146.15 per week in child support, directed defendant to pay to plaintiff the sum of $1,850 per month in maintenance for a period of five years and the sum of $1,650 per month in maintenance for a period of one year thereafter, and denied plaintiff's request for counsel fees.

Contrary to plaintiff's contention, we conclude that Supreme Court properly determined that defendant was the custodial parent with respect to the issue of child support. Pursuant to the express terms of the parties' stipulation, defendant was the primary residential parent, and plaintiff made no showing that the stipulation was unenforceable, i.e., that it was " 'tainted by mistake, fraud, duress, overreaching or unconscionability' " (*Cheruvu v Cheruvu*, 59 AD3d 876, 878 [2009]; *see generally Canarelli v Canarelli*, 58 AD3d 658 [2009]). We agree with plaintiff, however, that the court erred in including the amount of maintenance awarded to her in determining her income for the purpose of calculating the amount of child support that she was required to pay to defendant (*see Simon v Simon*, 55 AD3d 477 [2008]; *Frost v Frost*, 49 AD3d 1150, 1152 [2008]), and we

further conclude that the court erred in failing to deduct the FICA tax payments from the salaries earned by both parties (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [H]; *Beece v Beece*, 289 AD2d 352 [2001]; *Frankel v Frankel*, 287 AD2d 686 [2001]). We therefore modify the judgment by providing that defendant's pro rata share of the child support obligation is 71% and plaintiff's pro rata share of the child support obligation is 29% and that plaintiff shall pay to defendant the amount of $111.54 per week for child support.

We reject the further contention of plaintiff that the court abused its discretion in awarding her the sum of only $1,850 per month in maintenance for a five-year period. Indeed, we conclude that the court properly took into consideration the statutory maintenance factors, including the parties' standard of living during the marriage (*see* Domestic Relations Law § 236 [B] [6] [a]; *Hartog v Hartog*, 85 NY2d 36, 50-51 [1995]). Finally, we reject the contention of plaintiff that the court abused its discretion in denying her request for counsel fees. "[F]or a party to be entitled to an award of counsel fees, there must be sufficient documentation to establish the value of the services performed" (*Reynolds v Reynolds*, 300 AD2d 645, 646 [2002]), and plaintiff failed to provide such documentation. Present—Scudder, P.J., Smith, Fahey, Carni and Pine, JJ.