EMILY EBERHARDT-DAVIS, Respondent-Appellant, v PETER J. DAVIS, Appellant-Respondent. [897 NYS2d 376]—

Appeal and cross appeal from a judgment of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered January 30, 2009 in a divorce action. The judgment, among other things, directed defendant to pay weekly child support to plaintiff in a specified sum.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendant father appeals and plaintiff mother cross-appeals from a judgment of divorce that, inter alia, directed the father to pay child support to the mother in the sum of $100 per week. Contrary to the contention of the father, Supreme Court properly determined that the parties had a shared custody arrangement and that he was the noncustodial parent. Where "the parents' custodial arrangement splits the child[ ]'s physical custody so that neither can be said to have physical custody of the child[ ] for a majority of the time, the parent having the greater pro rata share of the child support obligation . . . should be identified as the noncustodial parent for the purpose of [child] support regardless of the labels

employed by the parties" (*Matter of Moore v Shapiro*, 30 AD3d 1054, 1055 [2006] [internal quotation marks omitted]; *see also Keeler v Keeler*, 306 AD2d 890 [2003]). In light of the parties' agreement to maintain shared, equal custody of the child, the father failed to establish that he would maintain physical custody of the child for a majority of the time.

Contrary to the contention of the mother on her cross appeal, the court properly calculated the amount of child support and the parties' respective shares thereof. In calculating the parties' income for child support purposes, "a court is not required to use reported income but, rather, may base its determination on [the parties'] actual income and ability to support the child[ ]" (*Stanley v Hain*, 38 AD3d 1205, 1206 [2007]). Inasmuch as the mother was receiving a higher salary at the time of the hearing than she had received the previous year, the court was not required to determine her income based on her federal tax return for the previous year. In addition, the court properly set forth its reasons for determining that it would be unjust or inappropriate to require the father to pay child support pursuant to the statutory percentage and thus that it was necessary to deviate from that percentage (*see* Domestic Relations Law § 240 [1-b] [b] [3]; [f], [g]; *Bast v Rossoff*, 91 NY2d 723, 727-729 [1998]). Finally, we conclude that the court did not abuse its discretion in permitting the father to claim the child as a tax exemption (*see Zogby v Zogby*, 158 AD2d 974 [1990]). Present—Scudder, P.J., Peradotto, Lindley and Sconiers, JJ.