In the Matter of REBECCA L. DISIDORO, Respondent, v DANNY T. DISIDORO, Appellant. [917 NYS2d 436]—

Spain, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered March 10, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to direct respondent to pay child and spousal support.

The parties are the parents of two children, born in 1998 and 2003; they married in 2005 and began living apart in 2007. Pursuant to a February 2008 joint custody agreement, they agreed to share parenting time on a specified two-week rotational schedule. While that agreement did not contain a child support provision, respondent (hereinafter the father) continued to give petitioner (hereinafter the mother) support money and paid expenses until a temporary support order was issued in April 2009, after the mother commenced this proceeding seeking child and spousal support. At a hearing, the father's 2008 income as a university custodial manager was established to be $46,264, whereas the mother's 2008 income as a cashier was $9,643. The Support Magistrate, unpersuaded by the father's assertion that the children were with him more than they were in their mother's custody, concluded that the parties shared equal time with the children and directed the father to pay the mother $300 per month in spousal support and the reduced amount of $611.32 in monthly child support (*see* Family Ct Act § 413 [1] [f]). The father filed objections, which Family Court denied, affirming the awards. The father now appeals, pro se; the mother has not submitted a brief.

Initially, the father raises no direct arguments on appeal regarding the award of spousal support and, thus, has abandoned any challenge thereto (*see Matter of Monet v Frazer*, 40 AD3d 1223, 1224 n [2007]). While he does not contest the

calculation of child support, he argues that certain factors were not given appropriate consideration. His primary claim is that he is the de facto custodial parent because, under the terms of the custodial agreement, the children are with him for more time (i.e., about one month more per year) than they are with their mother, and seeks an unspecified further reduction in his already reduced child support obligation.

Under settled law, the Child Support Standards Act (*see* Family Ct Act § 413 [hereinafter CSSA]) applies to equal shared physical custody arrangements (*see Baraby v Baraby*, 250 AD2d 201, 203-204 [1998]; *see also Bast v Rossoff*, 91 NY2d 723 [1998]). Given the testimony that the parties periodically deviated from their custody agreement, we find no reason to disturb Family Court's credibility determination and factual conclusion that "the children spend virtually equal time with each parent" and, thus, neither is the primary physical custodian. To calculate child support in this shared custody situation, the court is required—as in all child support determinations—to employ the three-step method in the CSSA (*see Matter of Cassano v Cassano*, 85 NY2d 649, 653 [1995]), in which combined parental income is calculated and multiplied by the percentage based on the number of children (25% for two children here) and that amount is allocated between the parents according to each parent's share of the combined parental income (*see* Family Ct Act § 413 [1] [b] [3] [ii]; [c]). The father, as the parent with the significantly greater income and thus the greater pro rata share of the child support obligation, was properly identified as the "noncustodial" parent for purposes of support, notwithstanding the terms of the parties' custody agreement (*see Baraby v Baraby*, 250 AD2d at 204; *see e.g. Redder v Redder*, 17 AD3d 10, 13 [2005]). The court also providently concluded that requiring the father to pay the full calculated child support amount of $815.10 would be "unjust [and] inappropriate" and, after consideration of the factors set forth in Family Ct Act § 413 (1) (f)—including but not limited to the shared custodial arrangement, and the fact that he provides "substantial contributions for the children other than child support"* —the court, in its discretion, determined that three quarters of that amount ($611.32 per month) would be appropriate.

Contrary to the father's claim, Family Court also considered the needs of the father's 15-year-old daughter, who lived with

* The record reflects that the father pays for the children's activities, healthcare (Child Health Plus), summer camp and the daughter's after school care. The court also considered that the father and his significant other share their household expenses.

and was solely supported by him (*see* Family Ct Act § 413 [1] [f] [8]). The father testified that he had not pursued child support from her mother and offered no proof of the resources available to support her, and we do not find improvident the court's finding that his support of this child was not a significant factor. To the extent that the father seeks to reduce his child support obligation by the percentage of time the children actually spend with him, this proportional offset method has long been rejected, as have efforts to automatically equally divide between each parent the total child support obligation regardless of their incomes (*see Bast v Rossoff*, 91 NY2d at 730-732; *Baraby v Baraby*, 250 AD2d at 203 and n 1). The father has not identified any prejudicial error or injustice in the procedure or result here.

Next, we perceive no reason to disturb Family Court's exercise of its "broad discretion" in declining to impute additional income to the mother (*Matter of Mitchell v Mitchell*, 264 AD2d 535, 538 [1999], *lv denied* 94 NY2d 754 [1999]; *see* Family Ct Act § 413 [1] [b] [5] [iv]). The mother testified that she has a high school education with one year of college, and is employed 29 hours per week as a cashier earning $7.45 per hour, resulting in a 2008 income of $9,643. She stated that she had applied for a few other similar positions but was either not hired or the hours offered did not enable her to care for the children when they were in her custody. She had recently sustained a work-related injury and had ongoing health problems. She lives in a rented trailer and uses a borrowed car, both owned by her brother, who she has not been able to pay on a regular basis; she relies heavily on family for loans and receives food stamps. The court found that she was "minimally capable of being self-supporting at the present time" and that, even if income were imputed to her at a higher level for 2009, she would still be earning below the self-support reserve, i.e., the federal poverty level (*see* Family Ct Act § 413 [1] [b] [6]). Given her limited employment history, education and earning potential, and the court's implicit finding that her account of her finances and limited ability to pay her expenses was credible, we cannot say that the court abused its discretion in declining to impute full time employment income to her (*see* Family Ct Act § 413 [1] [b] [5] [iv]; *Matter of Gravenese v Marchese*, 57 AD3d 992, 993 [2008]; *Matter of Maharaj-Ellis v Laroche*, 54 AD3d 677, 677 [2008]). We have reviewed the father's remaining arguments and determined that they do not warrant modification of the subject order.

Mercure, J.P., Peters, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.