# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**402**

**CA 11-01596**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

KEVIN ANDREW LEONARD, PLAINTIFF-RESPONDENT,

V                                                    OPINION AND ORDER

TERRI LYNN LEONARD, DEFENDANT-APPELLANT.

---

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (ROBERT J. LUNN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MAUREEN A. PINEAU, ROCHESTER, FOR PLAINTIFF-RESPONDENT.

MATTHEW J. FERO, ATTORNEY FOR THE CHILDREN, ROCHESTER.

---

Appeal from a judgment of the Supreme Court, Monroe County (John M. Owens, J.), entered December 7, 2011. The judgment, inter alia, granted sole legal custody of the parties' children to plaintiff.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the award of child support to plaintiff and the provision concerning counsel fees and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Monroe County, for a determination of the amount of child support to be awarded to defendant and for further proceedings concerning counsel fees in accordance with the following Opinion by LINDLEY, J.: In this matrimonial action, defendant wife appeals from an order issued by the Judicial Hearing Officer (JHO) who presided over the parties' nonjury trial. Defendant attributes multiple errors to the JHO, whose order was later subsumed in a judgment of divorce entered in Supreme Court. Although no appeal lies from the order, "we exercise our discretion to treat the notice of appeal as valid and deem the appeal [as] taken from the judgment" (*Hughes v Hughes*, 84 AD3d 1745, 1746; *see* CPLR 5520 [c]; *Nichols v Nichols* [appeal No. 1], 291 AD2d 875, 875).

We reject defendant's challenge to the JHO's custody determination, which awards sole legal custody of the parties' two children to plaintiff father, with shared physical custody. Pursuant to the residency schedule set by the JHO, the parties spend equal time with the children. Defendant does not object to the residency schedule, but instead contends that the parties should have been awarded joint legal custody. We reject that contention. The evidence at trial established that the parties have an acrimonious relationship and are not able to communicate effectively with respect to the needs and activities of their children, and it is well settled that joint

custody is not feasible under those circumstances (*see Matter of Orzech v Nikiel* [appeal No. 1], 91 AD3d 1305, 1305-1306; *Matter of York v Zullich*, 89 AD3d 1447, 1448; *Matter of Vasquez v Barfield*, 81 AD3d 1398, 1399). Although, as defendant suggests, the JHO could have fashioned a custody award whereby each parent has sole decision-making authority over certain aspects of the children's lives (*see Matter of Delgado v Frias*, 92 AD3d 1245, 1245; *Wideman v Wideman*, 38 AD3d 1318, 1319; *see also Chamberlain v Chamberlain*, 24 AD3d 589, 591-592), it cannot be said that the JHO abused his discretion in refusing to do so (*see Wideman*, 38 AD3d at 1319; *see generally Braiman v Braiman*, 44 NY2d 584, 589-590). We note that, although the Attorney for the Children proposed a "zones of influence" custody arrangement at trial, he has since changed his position and, in his brief on appeal, he seeks affirmance of the judgment insofar as it awards sole legal custody to plaintiff.

We agree with defendant, however, that the court erred in awarding child support to plaintiff and that the court instead should have awarded child support to her. It is well settled that in shared residency arrangements, where neither parent has the children for a majority of the time, the party with the higher income is deemed to be the noncustodial parent for purposes of child support (*see Matter of Disidoro v Disidoro*, 81 AD3d 1228, 1229, *lv denied* 17 NY3d 705; *Eberhardt-Davis v Davis*, 71 AD3d 1487, 1487-1488; *Matter of Moore v Shapiro*, 30 AD3d 1054, 1055; *Baraby v Baraby*, 250 AD2d 201, 204; *see generally Bast v Rossoff*, 91 NY2d 723, 726-727). Here, as noted, the residency schedule affords the parties equal time with the children, and thus neither party has the children for the majority of the time. Inasmuch as plaintiff's income exceeds that of defendant — at the time of trial, plaintiff earned $134,924.48 annually, while the JHO imputed income of $25,000 to defendant, whose actual earnings were $14,109.53 — plaintiff is the "noncustodial" parent and, as such, he must pay child support to defendant.

It is true, as plaintiff points out, that the above-cited cases involve awards of *joint* legal custody, whereas he was awarded sole legal custody; that fact, however, should not affect the child support determination. Although the award of sole legal custody to plaintiff allows him to make important decisions in the children's lives, that decision-making authority does not increase his child-related costs. A parent's child-related costs are dictated by the amount of time he or she spends with the children, and, here, plaintiff spends no more time with the children than does defendant. We note, moreover, that there is already a significant disparity in the parties' incomes, and an award of child support to plaintiff would only widen that gulf. In our view, the children's standard of living should not vary so drastically from one parent's house to the other.

Thus, under the circumstances of this case — where plaintiff has sole legal custody, but the residency schedule affords the parents equal time with the children — an award of child support to defendant will best "assure that [the] children will realize the maximum benefit of their parents' resources and continue, as near as possible, their

preseparation standard of living in each household" (*Baraby*, 250 AD2d at 204). We therefore conclude that the judgment should be modified accordingly, and the matter is remitted to Supreme Court for a determination of the appropriate amount of child support to be awarded to defendant.

We reject defendant's further contention that she was entitled to an award of maintenance. Considering the factors set forth in Domestic Relations Law § 236 (B) (6) (a), we conclude that the JHO's determination with respect to maintenance is supported by the record (*see generally Hartog v Hartog*, 85 NY2d 36, 50-51; *cf. Larsen v Larsen*, 270 AD2d 20, 20-21).

In her remaining contention, defendant asserts that JHO failed to set forth the required reasons for the denial of her request for an award of counsel fees, and that the provision concerning counsel fees must therefore be vacated. We agree. There is a "rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (Domestic Relations Law § 237 [a]; *see Piacente v Piacente*, 93 AD3d 1189, 1189), and defendant herein is by far the less monied spouse. The JHO was thus required to articulate why defendant is not entitled to an award of counsel fees (*see generally Cheruvu v Cheruvu*, 61 AD3d 1171, 1174-1175). We therefore conclude that the judgment should be further modified by vacating the provision concerning counsel fees, and the matter should be further remitted to Supreme Court to "articulate its reasons for [its] denial [of an award of counsel fees to defendant] or, in the alternative, to reconsider its determination" (*id.*; *see generally McCoy v McCoy*, 254 AD2d 732, 733; *Mann v Mann*, 244 AD2d 928, 930).

Accordingly, we conclude that the judgment should be modified and the matter should be remitted to Supreme Court in conformance with our decision herein.

Entered:  June 28, 2013                    Frances E. Cafarell
                                           Clerk of the Court