# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

665

CA 13-00623

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND DEJOSEPH, JJ.

---

LISA M. GUY, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ERIC E. GUY, DEFENDANT-APPELLANT.

---

JUSTIN S. WHITE, WILLIAMSVILLE, FOR DEFENDANT-APPELLANT.

LAW OFFICES OF JOHN P. PIERI, BUFFALO (JOHN P. PIERI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered January 9, 2013 in a divorce action. The judgment, among other things, adjudged that neither party shall pay spousal maintenance to the other.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendant husband appeals from a judgment of divorce that, insofar as appealed from, confirmed in relevant part the report of the Matrimonial Referee (Referee) appointed to hear and report with respect to the issues of maintenance and equitable distribution. In the judgment, Supreme Court ordered that neither party shall pay spousal maintenance to the other and equitably distributed the marital debt. Contrary to defendant's contention, the court did not abuse its discretion in failing to award him maintenance. The Referee properly considered the factors set forth in Domestic Relations Law § 236 (B) (6) (a) in determining that an award of maintenance to defendant was not warranted (*see Hartog v Hartog*, 85 NY2d 36, 51; *Sofien v Noel*, 60 AD3d 1387, 1387), and the court properly confirmed that part of the Referee's report. Although plaintiff earns more than defendant and although defendant pays child support, neither fact, by itself or in combination with the other, requires the court to award maintenance to defendant (*see generally* § 236 [B] [6] [a]).

Defendant further contends that the court erred in failing to allocate between the parties certain marital debt consisting of credit card balances in his name. Defendant, however, failed to submit evidence that a balance transfer to one credit card and the outstanding balances on two other credit cards reflected marital expenses (*see Lopez v Saldana*, 309 AD2d 655, 656). The record therefore supports the Referee's finding, as confirmed by the court, that those amounts did not constitute marital debt to be allocated

(*see Cabeche v Cabeche*, 10 AD3d 441, 441; *see also Greenwald v Greenwald*, 164 AD2d 706, 720-721, *lv denied* 78 NY2d 855).

Entered:  June 13, 2014                                    Frances E. Cafarell
                                                          Clerk of the Court