# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1047
CA 15-00271
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

LORI SHAMP, PLAINTIFF-APPELLANT-RESPONDENT,

V                                    MEMORANDUM AND ORDER

KEVIN SHAMP, DEFENDANT-RESPONDENT-APPELLANT.

---

STEPHEN M. LEONARDO, ROCHESTER (MICHAEL STEINBERG OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

UNDERBERG & KESSLER LLP, ROCHESTER (LEAH E. TARANTINO OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from a judgment of the Supreme Court,
Monroe County (Kenneth R. Fisher, J.), entered May 19, 2014 in a
divorce action. The judgment, inter alia, equitably distributed the
marital property of the parties.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by striking the phrase "with primary
physical residence of [the subject child] awarded to the mother, with
visitation to the father" from the fourth decretal paragraph, and by
vacating the award of child support, and as modified the judgment is
affirmed without costs and the matter is remitted to Supreme Court,
Monroe County, for further proceedings in accordance with the
following memorandum: In this action for divorce and ancillary
relief, plaintiff wife appeals and defendant husband cross-appeals
from a judgment of divorce that, inter alia, distributed the marital
assets, ordered the wife to pay child support, and denied the
husband's request for spousal maintenance. Addressing first the
issues raised on the cross appeal, we reject the husband's contention
that Supreme Court erred in denying his request for maintenance. The
record establishes that the court properly considered "the payee
spouse's reasonable needs and predivorce standard of living in the
context of the other enumerated statutory factors" in determining
whether to award maintenance (*Hartog v Hartog*, 85 NY2d 36, 52; *see*
Domestic Relations Law § 236 [B] [6] [a]). Contrary to the husband's
contention, the court did not err in refusing to credit his testimony
that his income ranged from $25,000 to $33,000 per year where, as
here, the husband failed to provide his income tax returns or any
valid evidence of his income or earnings, and the evidence establishes
that he indicated on a vehicle loan application that he made
approximately $60,000 per year (*see generally Kent v Kent*, 291 AD2d
258, 259). We conclude that the court did not abuse its discretion in
refusing to award maintenance to the husband, based on the amount of

income that the court properly imputed to the husband, and the court's "appropriate balancing of [the husband's] needs and [the wife's] ability to pay" (*Torgersen v Torgersen*, 188 AD2d 1023, 1024, *lv denied* 81 NY2d 709; *see Guy v Guy*, 118 AD3d 1352, 1352; *Smith v Winter*, 64 AD3d 1218, 1220, *lv denied* 13 NY3d 709).

Contrary to the husband's further contention, the court properly denied his request for counsel fees. " '[F]or a party to be entitled to an award of counsel fees, there must be sufficient documentation to establish the value of the services performed' " (*Johnston v Johnston*, 63 AD3d 1555, 1556; *see Kalish v Kalish*, 289 AD2d 202, 203), and the husband failed to provide any such documentation.

We agree with the husband, however, that the court erred in providing in the judgment that "primary physical residence of [the subject child] is awarded to the mother, with visitation to the father." Pursuant to a prior stipulation, the parties agreed to shared custody with approximately an even distribution of parenting time, and the court accepted that stipulation by ordering that the stipulation be incorporated in, but not merged into, the judgment of divorce. That stipulation, as the court noted in its decision, "reveals a truly 50-50 shared parenting plan." "[T]hus, neither [parent] is the primary physical custodian" (*Matter of Disidoro v Disidoro*, 81 AD3d 1228, 1229, *lv denied* 17 NY3d 705; *see generally Eberhardt-Davis v Davis*, 71 AD3d 1487, 1487-1488). Consequently, the court erred in awarding primary physical residence to the mother. We therefore modify the judgment accordingly.

We reject the wife's contention on her appeal that the court erred in its distribution of the marital property. "[T]rial courts 'are granted substantial discretion in determining what distribution of marital property . . . will be equitable under all the circumstances' " (*Oliver v Oliver*, 70 AD3d 1428, 1429). Here, we conclude that the court properly exercised its broad discretion in its equitable distribution of the marital property (*see Martinson v Martinson*, 32 AD3d 1276, 1277), upon considering the requisite statutory factors (*see generally* Domestic Relations Law § 236 [B] [5] [d]).

The wife further contends that the court erred in its child support award. We agree. "The three-step statutory formula of the [Child Support Standards Act (CSSA)] for determining the basic child support obligation must be applied in all shared custody cases . . . and the noncustodial parent [must be] directed to pay a pro rata share of that obligation unless the court finds that amount to be 'unjust or inappropriate' based upon a consideration" of the factors set forth in Domestic Relations Law § 240 (1-b) (f) (*Baraby v Baraby*, 250 AD2d 201, 204; *see Bast v Rossoff*, 91 NY2d 723, 727). Although we conclude that the court properly determined that the wife is the noncustodial parent for CSSA purposes because her income exceeds the income properly imputed to the husband (*see Disidoro*, 81 AD3d at 1229; *Eberhardt-Davis*, 71 AD3d at 1487-1488; *Baraby*, 250 AD2d at 204), we agree with the wife that the court erred in making its child support award

pursuant to the CSSA without determining whether her share is unjust or inappropriate based on the factors set forth in Domestic Relations Law § 240 (1-b) (f).

It is well settled that, where "the amount of [the] basic child support obligation is 'unjust or inappropriate' because of the shared custody arrangement of the parents, the court may then utilize 'paragraph (f)' to fashion an appropriate award" (*Bast*, 91 NY2d at 732). Here, we agree with the wife that the court erred in failing to review the child support award in light of those factors. We therefore further modify the judgment by vacating the child support award. Because the record is insufficient to determine whether those factors should apply or what the appropriate amount of child support should be, we remit the matter to Supreme Court to recalculate child support pursuant to the CSSA after, insofar as the court deems necessary, complete disclosure regarding the parties' financial situations, a hearing, and consideration of the factors in section 240 (1-b) (f) of the Domestic Relations Law (*see Sonbuchner v Sonbuchner*, 96 AD3d 566, 568-569; *McLoughlin v McLoughlin*, 63 AD3d 1017, 1019).

We also agree with the wife that the court erred in failing to deduct the FICA tax payments from her gross income (*see Johnston*, 63 AD3d at 1555-1556). "Pursuant to Domestic Relations Law § 240 (1-b) (b) (5) (vii) (H), '. . . [FICA] taxes actually paid' shall be deducted from income prior to determining the combined parental income" (*Belkhir v Amrane-Belkhir*, 118 AD3d 1396, 1398). Consequently, upon remittal for a new determination of child support pursuant to the CSSA, the court should make that deduction when determining the propriety of and, if necessary, the amount of child support.

We have considered the remaining contentions of the parties on their appeal and cross appeal, and we conclude that they are without merit.

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court