LACEY MARIE BETTS, Appellant, v JOHN RALPH BETTS, JR., Respondent. [65 NYS3d 842]—

Appeal from a judgment of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered February 1, 2016 in a divorce action. The judgment, inter alia, distributed the marital assets, ordered defendant to pay plaintiff a distributive award of $5,000, and ordered plaintiff to pay child support.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In this action for divorce and ancillary relief, plaintiff wife appeals from a judgment of divorce that, inter alia, distributed the marital assets, ordered defendant husband to pay the wife a distributive award of $5,000, and ordered the wife to pay child support. We conclude that Supreme Court properly determined that the wife was the noncustodial parent for purposes of calculating the child support obligation and thus ordered her to pay child support to the husband. Contrary to the wife's contention, the court did not abuse its discretion in imputing $32,000 of income to the husband for 2013 and $33,500 of income to the husband for 2014. The income imputed to the husband is based upon his employment history and earning capacity as a truck driver (*see generally Volkerick v Volkerick*, 153 AD3d 885, 886 [2d Dept 2017]; *Balaj v Balaj*, 136 AD3d 672, 673-674 [2d Dept 2016]; *Matter of Figueroa v Figueroa*, 134 AD3d 1592, 1592 [4th Dept 2015]), and is supported by the record (*see Lauzonis v Lauzonis*, 105 AD3d 1351, 1351 [4th Dept 2013]). We reject the wife's contention that the court should have imputed additional income to the husband inasmuch as such imputation is not supported by the record and would be speculative (*see McAuliffe v McAuliffe*, 70 AD3d 1129, 1133 [3d Dept 2010]; *Rosenberg v Rosenberg*, 44 AD3d 1022, 1025 [2d Dept 2007]). The wife's income was established at trial and is higher than that imputed to the husband. Where, as here, "neither parent has the child[ren] for a majority of the time, the parent with the higher income, who bears the greater share of the child support obligation, should be deemed the noncustodial parent for the purposes of child support" (*Matter of Conway v Gartmond*, 144 AD3d 795, 796 [2d Dept 2016]; *see Ball v Ball*, 150 AD3d 1566, 1567 [3d Dept 2017]; *Eberhardt-Davis v Davis*, 71 AD3d 1487, 1487-1488 [4th Dept 2010]; *see generally* Domestic Relations Law § 240 [1-b]).

Contrary to the wife's further contention, the court did not

abuse its discretion in its equitable distribution of the marital property. Although the wife contends that the award that she was granted should be greater because she made contributions during the marriage to the husband's separate property, i.e., the husband's farm property and business, the wife did not meet her burden of establishing the manner in which her contributions resulted in an increase in value of the separate property or the amount of any increase that was attributable to her efforts (*see Seale v Seale*, 149 AD3d 1164, 1168 [3d Dept 2017]; *Elmaleh v Elmaleh*, 184 AD2d 544, 545 [2d Dept 1992]; *see generally Price v Price*, 69 NY2d 8, 11-12 [1986]). We conclude that the court, in distributing the marital assets and determining the value of the distributive award granted to the wife, did not abuse its discretion in fashioning an "appropriate decree based on what it view[ed] to be fair and equitable under the circumstances" (*Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 420 [2009]). Present—Smith, J.P., Carni, Curran and Winslow, JJ.