Matter of Rapp v Horbett (2019 NY Slip Op 05447)





Matter of Rapp v Horbett


2019 NY Slip Op 05447


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


256 CAF 17-01647

[*1]IN THE MATTER OF THOMAS M. RAPP, PETITIONER-RESPONDENT,
v
PAMELA A. HORBETT, RESPONDENT-APPELLANT. 






PAMELA A. HORBETT, RESPONDENT-APPELLANT PRO SE. 
J. ADAMS & ASSOCIATES, PLLC, WILLIAMSVILLE (JOAN CASILIO ADAMS OF COUNSEL), FOR PETITIONER-RESPONDENT.


 Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered June 16, 2017 in a proceeding pursuant to Family Court Act article 4. The order denied respondent's objections to an order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the objections in part and vacating that part of the order of the Support Magistrate awarding petitioner $125 per week in child support effective April 2, 2015 until January 1, 2016, and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 4, respondent mother appeals from an order denying her objections to the order of the Support Magistrate that granted the petition of petitioner father by, among other things, awarding him child support. The mother contends that Family Court erred in denying her objection to that part of the Support Magistrate's order awarding the father $125 per week in child support effective April 2, 2015 until January 1, 2016 because the parties shared near equal access time with the child during that period and the father had the higher income. We agree, and we therefore modify the order accordingly.
It is well established that "[s]hared custody arrangements do not alter the scope and methodology of the [Child Support Standards Act (CSSA)]" (Bast v Rossoff, 91 NY2d 723, 732 [1998]; see Matter of Jerrett v Jerrett, 162 AD3d 1715, 1716 [4th Dept 2018]). A court must calculate the basic child support obligation under the CSSA, and then must order the noncustodial parent to pay his or her "pro rata share of the basic child support obligation, unless it finds that amount to be unjust or inappropriate' " (Bast, 91 NY2d at 727; see Family Ct Act § 413 [1] [f], [g]; Jerrett, 162 AD3d at 1716). "In most instances, the court can determine the custodial parent for purposes of child support by identifying which parent has physical custody of the child for a majority of time" (Bast, 91 NY2d at 728). However, in instances "[w]here the parents' custodial arrangement splits the child[ ]'s physical custody so that neither can be said to have physical custody of the child[ ] for a majority of the time, the parent having the greater pro rata share of the child support obligation . . . should be identified as the noncustodial parent for the purpose of [child] support regardless of the labels employed by the parties" (Eberhardt-Davis v Davis, 71 AD3d 1487, 1487-1488 [4th Dept 2010] [internal quotation marks omitted]; see Betts v Betts, 156 AD3d 1355, 1355 [4th Dept 2017]; Shamp v Shamp, 133 AD3d 1213, 1214-1215 [4th Dept 2015]). Thus, where the parents share physical custody "with approximately an even distribution of parenting time," the parent with the higher income is deemed the noncustodial parent for purposes of the CSSA (Shamp, 133 AD3d at 1214; see Ball v Ball, 150 AD3d 1566, 1567 [3d Dept 2017]; Matter of Mitchell v Mitchell, 134 AD3d 1213, 1214 [3d Dept 2015]; Barr v Cannata, 57 AD3d 813, 814 [2d Dept 2008]; Redder v Redder, 17 AD3d 10, 13 [3d Dept 2005]).
Here, upon our review of the record, we conclude that there is no basis to disturb the Support Magistrate's finding that, in 2015, the parties followed the access schedule that provided for shared physical custody "with approximately an even distribution of parenting time" (Shamp, 133 AD3d at 1214; see Ball, 150 AD3d at 1567; Redder, 17 AD3d at 13). Based on that finding, however, "the parent with the higher income, who bears the greater share of the child support obligation, in this case the father, should [have] be[en] deemed the noncustodial parent for the purpose of support" (Barr, 57 AD3d at 814). Indeed, even assuming, arguendo, that the Support Magistrate properly imputed income to the mother, the record establishes that the father had the higher income in 2015 (see Shamp, 133 AD3d at 1215). Inasmuch as the parties shared near equal access time in 2015 and the father's income was higher than that of the mother, the Support Magistrate should have deemed the father the noncustodial parent for purposes of child support and denied his petition to the extent that it sought child support from the mother during that period (see e.g. Shamp, 133 AD3d at 1215; Barr, 57 AD3d at 814). Thus, we conclude that the court erred in denying the mother's objection to that part of the Support Magistrate's order awarding the father $125 per week in child support effective April 2, 2015 until January 1, 2016.
In light of the abovementioned modification, we further agree with the mother that she is entitled to a credit against any arrears from the order for the amount of child support erroneously awarded to the father from April 2, 2015 until January 1, 2016, and we therefore remit the matter to Family Court to determine the amount of arrears and the credit to be applied thereto. Although there is a strong public policy against recoupment of child support overpayments (see Johnson v Chapin, 12 NY3d 461, 466 [2009], rearg denied 13 NY3d 888 [2009]; Weidner v Weidner, 136 AD3d 1425, 1426-1427 [4th Dept 2016], lv dismissed 28 NY3d 1101 [2016], rearg denied and lv dismissed 29 NY3d 990 [2017]), we conclude that the requested credit is appropriate under the limited circumstances of this case. Here, the record establishes that the mother had significantly less income and received certain public benefits, while the father received substantial disability and pension benefits and had significant assets (see Weidner, 136 AD3d at 1427). Moreover, granting the mother's request "will not detract from [the father] fulfilling the needs of the child[ ] while [he is] in [the father's] care" and, indeed, will relieve the mother of an erroneously-imposed financial obligation, thereby allowing her to use her funds to maintain a stable household for the child and meet his reasonable needs during visitation (id.).
The mother also contends that the court erred in denying her objection to the amount of the child support award effective January 1, 2016 because the Support Magistrate abused his discretion in imputing income to her. We reject that contention. We note initially that the Support Magistrate correctly found that, beginning in 2016, the mother did not diligently exercise her access time and the father spent far more time with the child and, thus, the record establishes that the mother was the noncustodial parent and the father was the custodial parent for purposes of child support inasmuch as the father then had "physical custody of the child for a majority of time" (Bast, 91 NY2d at 728). Furthermore, a support magistrate "possess[es] considerable discretion to impute income in fashioning a child support award . . . [, and such an] imputation of income will not be disturbed [where, as here,] there is record support for [it]" (Matter of Muok v Muok, 138 AD3d 1458, 1459 [4th Dept 2016] [internal quotation marks omitted]; see Shamp, 133 AD3d at 1214).
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court