Pace v Pace (2020 NY Slip Op 06181)





Pace v Pace


2020 NY Slip Op 06181


Decided on October 29, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

528704

[*1]Suzette A. Pace, Respondent- Appellant,
v
Keith A. Pace, Appellant- Respondent.

Calendar Date: September 11, 2020

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


Alderman and Alderman, Syracuse (Edward B. Alderman of counsel), for appellant-respondent.
Miller Mayer LLP, Ithaca (R. James Miller of counsel), for respondent-appellant.



Clark, J.
(1) Cross appeals from an order of the Supreme Court (Campbell, J.), entered October 1, 2018 in Cortland County, ordering, among other things, equitable distribution of the parties' marital property, (2) appeal from an order of said court, entered December 17, 2018 in Cortland County, which, upon reargument, modified the prior order, and (3) cross appeals from a judgment of said court, entered January 22, 2019 in Cortland County, among other things, granting plaintiff a divorce and ordering equitable distribution of the parties' marital property, upon a corrected decision of the court.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) married in 1995 and have four children together (born in 1997, 1999, 2000 and 2003). In 2017, the wife commenced this action for a divorce based upon the irretrievable breakdown in the parties' relationship for a period of six months or more. Following joinder of issue, the parties entered into a partial stipulation settling the grounds for divorce, as well as the issue of custody/parenting time. The matter thereafter proceeded to a nonjury trial on the issues of equitable distribution and child support.[FN1] In an October 2018 order, Supreme Court equitably distributed the parties' marital property and directed the wife to pay the husband $800 per week in child support.
The wife and the husband thereafter made competing motions to reargue. By order entered in December 2018, Supreme Court partially granted the motion and cross motion by, among other things, correcting certain mathematical errors in its distributive award and by directing the wife to pay $14,300 as retroactive temporary child support dating back to August 8, 2017. The court subsequently issued a corrected decision and, in January 2019, entered a judgment of divorce upon that corrected decision. The parties cross-appeal from the October 2018 order and the January 2019 judgment of divorce, and the husband additionally appeals from the December 2018 order.
Initially, the cross appeals from the October 2018 order, as well as the husband's appeal from the December 2018 order, must be dismissed. Indeed, entry of the judgment of divorce requires that the appeals from the intermediate October 2018 and December 2018 orders be dismissed (see Hassan v Barakat, 171 AD3d 1371, 1373 n 1 [2019]; Armstrong v Armstrong, 72 AD3d 1409, 1410 n 1 [2010]).[FN2] Nevertheless, issues raised on the cross appeals from the October 2018 order and on the husband's appeal from the December 2018 order are brought up for review upon the cross appeals from the judgment of divorce (see CPLR 5501 [a] [1]).
The husband challenges Supreme Court's determination that the appreciation in value of certain of his separate real property — namely, five rental properties that he purchased prior to the marriage — was marital property subject to equitable distribution. Appreciation in the value of separate property can be considered marital property subject to equitable distribution if such appreciation is in part attributable to the direct or indirect contributions or efforts of the nontitled spouse (see Domestic Relations Law § 236 [B] [1] [d] [3]; Johnson v Chapin, 12 NY3d 461, 466 [2009]; Robinson v Robinson, 133 AD3d 1185, 1187 [2015]). "When a nontitled spouse's claim to appreciation in the other spouse's separate property is predicated solely on the nontitled spouse's indirect contributions, some nexus between the titled spouse's active efforts and the appreciation in the separate asset is required" (Hartog v Hartog, 85 NY2d 36, 46 [1995] [emphasis and citations omitted]). "[W]here an asset, like an ongoing business, is, by its very nature, nonpassive and sufficient facts exist from which the fact finder may conclude that the titled spouse engaged in active efforts with respect to that asset, even to a small degree, then the appreciation in that asset is, to a proportionate degree, marital property" (id. at 48 [emphasis omitted]; see Price v Price, 69 NY2d 8, 17-18 [1986]). The nontitled spouse bears the burden of demonstrating that the appreciation in value of the separate property "'was due in part to his [or her] efforts as opposed to market forces or other unrelated factors'" (Seale v Seale, 149 AD3d 1164, 1168 [2017], quoting Bonanno v Bonanno, 57 AD3d 1260, 1261 [2008]).
The evidence established that, throughout the marriage, the husband owned, maintained and managed numerous real properties for rental purposes, including the five parcels of separate real property at issue here. Of those five properties, three are residential properties primarily rented as student housing (hereinafter referred to as the residential properties), while the other two are mixed-use properties, having both residential and commercial rental spaces (hereinafter referred to as the mixed-use properties). The record evidence supports Supreme Court's finding that the husband "tended to the[] properties regularly, maintaining them in good condition, making repairs as necessary and actively working towards ensuring that each rental space was utilized to its income potential." In addition, as credited by Supreme Court, the testimonial and documentary evidence demonstrated that, over the course of the 22-year marriage, the husband — with the help of his brother — performed various improvements and renovations to the properties, including completing additions to create additional rental spaces, remodeling an apartment, repairing roofs, replacing carpets and/or flooring, painting and updating bathroom fixtures.[FN3] As demonstrated by the evidence, the husband's active efforts in managing, maintaining and improving the real properties were facilitated by the wife's indirect contributions in the home and in caring for the children (see Sheehan v Sheehan, 161 AD3d 912, 914 [2018]; see generally Price v Price, 69 NY2d at 19). As such, we discern no abuse of discretion in Supreme Court's determination that the appreciation in value of the five subject real properties was marital property and that the wife was entitled to 35% of the total appreciation value (see Benabu v Rienzo, 104 AD3d 714, 714-715 [2013]; Golden v Golden, 98 AD3d 647, 649 [2012]; compare Du Jack v Du Jack, 221 AD2d 712, 714-715 [1995], lv denied 88 NY2d 802 [1996]).
We are unpersuaded by the husband's various attacks against the appreciation values that Supreme Court assigned to the separate real properties. First, inasmuch as it was "within [Supreme Court's] discretion to select any valuation date between the date of commencement and the time of trial," Supreme Court did not abuse its discretion in accepting the 2018 appraisal values proffered by the wife's experts (Williams v Williams, 99 AD3d 1094, 1096 [2012]; see Domestic Relations Law § 236 [B] [4] [b]; Mesholam v Mesholam, 11 NY3d 24, 28 [2008]). Similarly, with respect to the mixed-use properties, Supreme Court did not abuse its discretion in adopting the valuations offered by the wife's expert, notwithstanding the expert's inability to use the preferred income capitalization approach to calculate the date of marriage values. Data regarding the properties' income at the time of the marriage was unavailable and, as explained by the wife's expert, the wife's expert used the income capitalization approach, together with some consideration of the comparable sales approach, to calculate the 2018 values of the properties. Under the circumstances, including that the husband's expert also utilized the income capitalization approach to assign 2018 valuations to the properties, we find that the methodologies employed by the wife's expert were reasonable (see generally Ciaffone v Ciaffone, 228 AD2d 949, 951 [1996]). As for the residential properties, the husband incorrectly asserts that the wife's expert did not provide appraisal values for these properties at the time of the marriage. Finally, we discern no abuse of discretion in Supreme Court's consideration of the value added to the 10 Maple Avenue property by a temporary zoning permit that allowed the property to house 12, rather than six, occupants. Such permit, which was valid for three years and had been routinely renewed for a number of years, undoubtedly enhanced the property's rental income potential.
The husband also contends that Supreme Court erred in allocating a disproportionate share of the credit card debt to him. However, upon consideration of the evidence, which reflected that the husband accrued substantial debt without the wife's knowledge and that the husband was unable to satisfactorily account for the use of the credit, we discern no abuse of discretion in Supreme Court's determination that the subject debt was not marital and was therefore distributable to the husband (see Guy v Guy, 118 AD3d 1352, 1353 [2014]; compare Cornish v Eraca-Cornish, 107 AD3d 1322, 1323-1324 [2013]).
The husband further asserts that Supreme Court's retroactive child support award should have dated back to March 9, 2017, inasmuch as he first requested child support in his answer and his answer bore such date. However, as reflected in the attorney affirmation in support of the husband's cross motion to reargue and as confirmed by the County Clerk's office, the husband's answer was not filed until August 8, 2017. Thus, Supreme Court properly concluded that the husband was entitled to child support retroactive to August 8, 2017, the date on which he first made an application for such relief (see Domestic Relations Law §§ 236 [B] [7] [a]; 240 [1] [j]).
Turning to the wife's cross appeal from the judgment of divorce, the wife asserts that any contributions made by the husband to her audiology practice were modest and that, therefore, Supreme Court erred in awarding the husband 50% of the value of the practice, which was stipulated to be $1.1 million as of the date of commencement. The evidence established that the wife obtained her Master's degree and Doctorate, acquired her professional license and started her audiology practice during the 22-year marriage. The testimony demonstrated that through, among other things, his involvement in the design, lay out and decorating of one of the wife's practice locations, as well as his undertaking of greater responsibilities at home and with the children, the husband directly and indirectly contributed to the wife's efforts in starting and growing her practice. Upon consideration of the factors set forth in Domestic Relations Law § 236 (B) (5) (d) and the record evidence, we cannot say — under the particular circumstances of this case — that Supreme Court abused its discretion in awarding the husband 50% of the value of the wife's audiology practice (see Mula v Mula, 131 AD3d 1296, 1298 [2015]; White v White, 204 AD2d 825, 827 [1994], lv dismissed 84 NY2d 977 [1994]).
To the extent that we have not expressly addressed any of the parties' arguments, they have been reviewed and found to be without merit.
Lynch, J.P., Devine and Pritzker, JJ., concur.
ORDERED that the cross appeals from the October 2018 order and the appeal from the December 2018 order are dismissed, without costs.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: The parties waived their right to seek spousal maintenance.

Footnote 2: The cross appeals from the October 2018 order have also been rendered moot, as that order was superseded in relevant part by the December 2018 order and by the corrected decision upon which the judgment of divorce was entered (see Stein v Paes, 165 AD3d 1510, 1511 [2018], lv denied 32 NY3d 916 [2019]).

Footnote 3: Supreme Court found that, during his testimony, the husband attempted to "downplay[]" the extent of improvements and renovations completed during the marriage.