Edelstein v Edelstein (2022 NY Slip Op 04150)

Edelstein v Edelstein

2022 NY Slip Op 04150

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-03223
 (Index No. 201427/18)

[*1]Michelle Edelstein, respondent,
v
Ronald Edelstein, appellant.

Elisabeth A. Vreeburg, Kew Gardens, NY (Ravi Cattry of counsel), for appellant.
Law Offices of Seidner & Associates, P.C., Garden City, NY (Matthew S. Seidner of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), dated October 12, 2018. The order, insofar as appealed from, directed a hearing to aid in the disposition of those branches of the plaintiff's motion which were to hold the defendant in contempt and for the entry of a money judgment for maintenance, child support, and add-on arrears, granted that branch of the plaintiff's motion which was for an interim attorney's fee to the extent of awarding the plaintiff an interim attorney's fee in the sum of $10,000, and denied the defendant's cross motion, inter alia, to compel the plaintiff to participate in binding mediation.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as directed a hearing to aid in the disposition of those branches of the plaintiff's motion which were to hold the defendant in contempt and for the entry of a money judgment for maintenance, child support, and add-on arrears, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The parties were married in 1991 and had five children together. In 2009, the plaintiff commenced an action for a divorce and ancillary relief. In May 2014, the parties executed a stipulation of settlement (hereinafter the stipulation), which was incorporated but not merged into a judgment of divorce dated August 5, 2014.
In 2017, the plaintiff commenced a proceeding pursuant to Family Court Act article 4 in the Family Court, Nassau County, alleging, inter alia, that the defendant failed to pay maintenance and child support. In an order dated December 14, 2017, the Family Court dismissed the proceeding, without prejudice, on the ground that the stipulation required the parties to participate in binding mediation.
In June 2018, the plaintiff moved in the Supreme Court, Nassau County, inter alia, [*2]to hold the defendant in contempt for failure to pay child support, for the entry of a money judgment for maintenance, child support, and add-on arrears, and for an award of an interim attorney's fee in the sum of $15,000. The defendant cross-moved, among other things, to compel the plaintiff to participate in binding mediation, arguing that the Family Court's determination in the order dated December 14, 2017, that the stipulation required the parties to participate in binding mediation constituted the law of the case. In an order dated October 12, 2018, the Supreme Court, inter alia, directed a hearing to aid in the disposition of those branches of the plaintiff's motion which were to hold the defendant in contempt and for the entry of a money judgment for maintenance, child support, and add-on arrears, granted that branch of the plaintiff's motion which was for an award of an interim attorney's fee to the extent of awarding the plaintiff an interim attorney's fee in the sum of $10,000, and denied the defendant's cross motion, inter alia, to compel the plaintiff to participate in binding mediation. The defendant appeals.
"The doctrine of the 'law of the case' is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (Fishon v Richmond Univ. Med. Ctr., 171 AD3d 873, 874, quoting Martin v City of Cohoes, 37 NY2d 162, 165). "The law of the case doctrine is based upon the fundamental principle that a judge may not review or overrule an order of another judge of coordinate jurisdiction in the same action or proceeding" (Barr v Cannata, 57 AD3d 813, 814). Contrary to the defendant's contention, he failed to establish the applicability of the law of the case doctrine to the determination rendered in the order dated December 14, 2017, dismissing the Family Court proceeding (see McGrath v Gold, 36 NY2d 406, 413; Matter of Village of Endicott [Village of Endicott Police Benevolent Assn., Inc.], 182 AD3d 738, 740; Barr v Cannata, 57 AD3d at 814).
"In a matrimonial action, an award of attorney's fees is a matter committed to the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case" (Brockner v Brockner, 174 AD3d 567, 568). "There is a statutory 'rebuttable presumption that counsel fees shall be awarded to the less monied spouse'" (DiNapoli v DiNapoli, 200 AD3d 1027, 1031, quoting Domestic Relations Law § 237[a]). Here, under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for an award of an interim attorney's fee to the extent of awarding the plaintiff an interim attorney's fee in the sum of $10,000 (see Tomassetti v Tomassetti, 194 AD3d 882, 883).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
BRATHWAITE NELSON, J.P., RIVERA, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court