# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**522**
**CAF 12-01899**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

IN THE MATTER OF CARL A. SHAW,
PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

JOANNE M. BICE, RESPONDENT-APPELLANT.

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR RESPONDENT-APPELLANT.

MUEHE AND NEWTON, LLP, CANANDAIGUA (GEORGE F. NEWTON OF COUNSEL), FOR PETITIONER-RESPONDENT.

VICTORIA L. KING, ATTORNEY FOR THE CHILDREN, CANANDAIGUA.

Appeal from an order of the Family Court, Ontario County (Stephen D. Aronson, A.J.), entered July 9, 2012 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole custody of the subject children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this custody proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order modifying a prior order and awarding sole custody of the parties' two children to petitioner father, with liberal visitation to the mother. We reject the mother's contention that Family Court erred in failing to appoint separate attorneys for the children when, during the trial, the parties' son expressed a desire to reside with the mother, which was not consistent with the daughter's expressed wishes. Both children had previously informed the Attorney for the Children (AFC) that they wanted to continue residing with the father, who had been granted temporary custody. During the trial, however, the AFC advised the court that the son, age nine, wanted to live with his mother because at her house "he can stay up late and he doesn't get in trouble." The AFC further stated that, in her view, the son's position was "immature and thus not controlling" upon the AFC. Following a *Lincoln* hearing, the court denied the mother's request to appoint a new attorney for the child for the son. At the conclusion of the trial, the court awarded custody of both children to the father, as advocated by the AFC. We now affirm.

The Rules of the Chief Judge provide that an attorney for the

child "must zealously advocate the child's position" and that, "[i]f the child is capable of knowing, voluntary and considered judgment, the attorney for the child should be directed by the wishes of the child, even if the attorney for the child believes that what the child wants is not in the child's best interests" (22 NYCRR 7.2 [d] [2]; *see Matter of Swinson v Dobson*, 101 AD3d 1686, 1687, *lv denied* 20 NY3d 862). Nevertheless, "[w]hen the attorney for the child is convinced either that the child lacks the capacity for knowing, voluntary and considered judgment, or that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child, the attorney for the child would be justified in advocating a position that is contrary to the child's wishes. In these circumstances, the attorney for the child must inform the court of the child's articulated wishes if the child wants the attorney to do so, notwithstanding the attorney's position" (22 NYCRR 7.2 [d] [3]).

Here, based on our review of the transcript of the *Lincoln* hearing, during which the court interviewed the son at length, we conclude that the court properly denied the mother's request to appoint separate counsel for the son. Although the reasons for our determination cannot be stated in this decision given the confidential nature of the *Lincoln* hearing, we note that the AFC on appeal asks us to affirm, thereby indicating that the son does not object to the court's failure to appoint separate counsel on his behalf.

Finally, we conclude that, contrary to the mother's remaining contention, there is a sound and substantial basis in the record to support the court's determination that it was in the children's best interests to award sole custody to the father, and we thus will not disturb that determination (*see Matter of Tisdale v Anderson*, 100 AD3d 1517, 1517-1518).

Frances E. Cafarell

Entered: May 9, 2014

Clerk of the Court