# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1093**
**CAF 14-01168**
PRESENT: SMITH, J.P., CENTRA, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF COURTNEY M. CAMPBELL,
PETITIONER-RESPONDENT,

           V                         MEMORANDUM AND ORDER

BRYANT M. KNAPP, RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (JOHN M. WESLEY OF COUNSEL), FOR PETITIONER-RESPONDENT.

ELIZABETH C. FRANI, ATTORNEY FOR THE CHILD, SYRACUSE.

-------------------------------------------------------------------------------------

    Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered September 12, 2013 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole legal and primary physical custody of the subject child.

    It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting respondent visitation on holidays and birthdays and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order awarding petitioner mother sole legal and primary physical custody of their child. We note at the outset that, although the father contends that Family Court erred in granting his request for visitation in the absence of his attorney, the father received the visitation that he requested and thus will not "be heard to complain" with respect to visitation (*Matter of Mayes v Laplatney*, 125 AD3d 1488, 1489). Upon our review of the record, we conclude that there is a sound and substantial basis for the court's determination awarding the mother sole custody (*see generally Matter of Donegan v Torres*, 126 AD3d 1357, 1359). Although we agree with the father that the record does not support the court's conclusion that he had smoked marihuana, we nevertheless see no basis to disturb the court's determination. Here, the record demonstrates that the determination was "the product of 'careful weighing of [the] appropriate factors' " (*Matter of McLeod v McLeod*, 59 AD3d 1011, 1011), and we "accord great deference to the findings of the court, which [was] in the best position to evaluate the character and credibility of the witnesses"

(*Matter of Garland v Goodwin*, 13 AD3d 1059, 1059).  We likewise reject the father's alternative contention that joint legal custody with shared physical placement is in the child's best interests.  It is well settled that " '[j]oint custody should not be imposed on embattled and embittered parents who appear unable to put aside their differences for the benefit of the child' " (*Matter of Vasquez v Barfield*, 81 AD3d 1398, 1399), and here the record establishes that the parties have an acrimonious relationship.

Finally, we agree with the father that the Referee erred in failing to award him visitation on holidays and birthdays.  We therefore modify the order accordingly, and we remit the matter to Family Court for a determination of that visitation schedule.

Entered:  October 9, 2015                          Frances E. Cafarell
                                                   Clerk of the Court