■ In the Matter of WILLIAM BRAGA, Appellant, v JODI ANN BELL, Respondent. [58 NYS3d 807]—

Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, Ref.), entered March 31, 2016 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted primary physical custody of the parties' child to respondent.

It is hereby ordered that the order so appealed from is unanimously modified on the law by awarding petitioner primary physical custody of the parties' child and vacating the 2nd through 12th ordering paragraphs and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order that, inter alia, granted respondent mother primary physical custody of the subject child, who was eight

years old at the time of the hearing. The mother had primary physical custody of the child pursuant to an informal arrangement between the parties. There was no prior court order determining custody.

Although the custody determination of Family Court ordinarily is entitled to great deference, such deference is unwarranted where that determination lacks a sound and substantial basis in the record (*see Fox v Fox*, 177 AD2d 209, 211-212 [1992]; *see also Matter of Amrane v Belkhir*, 141 AD3d 1074, 1075 [2016]). Indeed, "[o]ur authority in determinations of custody is as broad as that of Family Court" (*Matter of Bryan K.B. v Destiny S.B.*, 43 AD3d 1448, 1450 [2007]; *see Matter of Cole v Nofri*, 107 AD3d 1510, 1511-1512 [2013], *appeal dismissed and lv denied* 22 NY3d 1083 [2014]). It is well settled that, in determining the child's best interests, a court should consider "(1) the continuity and stability of the existing custodial arrangement, including the relative fitness of the parents and the length of time the present custodial arrangement has continued; (2) [the] quality of the child's home environment and that of the parent seeking custody; (3) the ability of each parent to provide for the child's emotional and intellectual development; (4) the financial status and ability of each parent to provide for the child; (5) the individual needs and expressed desires of the child; and (6) the need of the child to live with siblings" (*Fox*, 177 AD2d at 210; *see Matter of Chilbert v Soler*, 77 AD3d 1405, 1406 [2010], *lv denied* 16 NY3d 701 [2011]). Additionally, a preexisting custody arrangement established by agreement is " 'a weighty factor,' " but is not absolute (*Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *see Fox*, 177 AD2d at 210-211).

We agree with the father that, upon a review of the relevant factors (*see Fox*, 177 AD2d at 210-211), awarding him primary physical custody of the child is in the child's best interests. With respect to the first factor, although the mother has been the child's primary caretaker since birth, her living arrangements were unstable. The mother and the child had lived in seven different residences over the three years preceding the hearing, which resulted in the child changing schools every year. As the court recognized in its decision, the father is the more stable parent.

Concerning the quality of the home environment, the father and his wife own a home where the child has his own room, his own bed, and age-appropriate toys. In contrast, the mother's chaotic living arrangements have put the child in regular contact with a half sister who abuses drugs and have resulted

in the child living in a home that was infested with fleas. Concerning the child's emotional and intellectual development, the father ensures that the child attends school regularly and completes his homework. The record established that, since the father began playing a larger role in the child's life, the child's attendance and performance in school has improved dramatically. Also, the father facilitates the child's participation in activities such as karate and swimming, encourages him to read for 20 minutes a day, and has adjusted his diet to address his medical needs. In contrast, the mother has shown a lack of concern for the child's attendance and performance in school, shields him from experiences and foods that he finds unpleasant, and prefers that he play video games and eat fast food. Concerning the parents' relative financial status, the father's household income is significantly higher and his job is stable. In contrast, although the mother had difficulty affording her expenses and was evicted from prior residences, she continued to bounce from one part-time job to another and testified that she sees no need to work more than 28 hours a week.

Concerning the child's wishes, the child told the Attorney for the Child (AFC) that he wished to remain with the mother. In our view, however, the child's wishes are entitled to little weight, particularly given his young age and the mother's overly permissive parenting philosophy (*see generally Matter of Shaw v Bice*, 117 AD3d 1576, 1577 [2014], *lv denied* 24 NY3d 902 [2014]). We note that the parties waived a *Lincoln* hearing due in part to the child's age. Moreover, despite the child's expressed desires, the AFC declined to take a position at the hearing with respect to his best interests. Concerning the child's need to live with siblings, the hearing testimony established that the child often plays with two other half sisters who live with or near the mother, and that the child has a close relationship with them. Nevertheless, based on the relative fitness of the parents, the quality of their home environments, their ability to provide for the child's emotional and intellectual development, and their relative financial status, we conclude that awarding the father primary physical custody is in the child's best interests (*see generally Fox*, 177 AD2d at 210). We therefore modify the order accordingly, and we remit the matter to Family Court to fashion an appropriate visitation schedule with the mother. Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.