Matter of Dobson v Messervey (2021 NY Slip Op 03962)





Matter of Dobson v Messervey


2021 NY Slip Op 03962


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


525 CAF 20-00158

[*1]IN THE MATTER OF DANIEL J. DOBSON, PETITIONER-APPELLANT,
v
AMBER MESSERVEY, DANN MESSERVEY AND MICHELLE MESSERVEY, RESPONDENTS-RESPONDENTS. 






KAMAN BERLOVE MARAFIOTI JACOBSTEIN & GOLDMAN, LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR PETITIONER-APPELLANT. 
TODD G. MONAHAN, LITTLE FALLS, FOR RESPONDENT-RESPONDENT AMBER MESSERVEY. 
SHARON ALLEN, KEUKA PARK, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Ontario County (Brian D. Dennis, J.), entered November 20, 2019 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded primary physical placement of the child with respondent Amber Messervey. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the first ordering paragraph insofar as it awarded primary physical placement of the subject child to respondent Amber Messervey and awarding such placement to petitioner with visitation to that respondent, and vacating the second, third, eighth, and ninth ordering paragraphs, and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Ontario County, for further proceedings in accordance with the following memorandum: Petitioner father commenced this proceeding pursuant to Family Court Act article 6 seeking to modify a prior order of custody and visitation that was entered on the consent of the parties. We agree with the father that the record lacks a sound and substantial basis for Family Court's determination that an award of primary physical placement to respondent Amber Messervey, the child's mother, was in the best interests of the child (see generally Matter of Braga v Bell, 151 AD3d 1924, 1925 [4th Dept 2017], lv denied 30 NY3d 905 [2017]; Matter of Agyapon v Zungia, 150 AD3d 1226, 1227 [2d Dept 2017]). In determining the best interests of the child, the courts consider "(1) the continuity and stability of the existing custodial arrangement, including the relative fitness of the parents and the length of time the present custodial arrangement has continued; (2) quality of the child's home environment and that of the parent seeking custody; (3) the ability of each parent to provide for the child's emotional and intellectual development; (4) the financial status and ability of each parent to provide for the child; (5) the individual needs and expressed desires of the child; and (6) the need of the child to live with siblings" (Fox v Fox, 177 AD2d 209, 210 [4th Dept 1992]; see Braga, 151 AD3d at 1925).
Although an existing custody arrangement established by agreement of the parties is " 'a weighty factor' " (Eschbach v Eschbach, 56 NY2d 167, 171 [1982]), we conclude with respect to the first factor that the father was the more stable parent (see Braga, 151 AD3d at 1925-1926). Particularly troubling is the mother's continued abuse of illegal narcotics. In three separate incidents during the six-month period before the hearing, the mother overdosed and had to be revived with Narcan, was found passed out in a parking lot, and went missing over a weekend, leaving the child in the care of the maternal grandfather. The mother testified during the hearing that her addiction affected her ability to parent, acknowledging in particular that the child's poor attendance in school was in part due to her continued abuse of narcotics. In contrast, although [*2]the father admitted to abusing narcotics in the past, his testimony established that he had not used illegal drugs in the 5½ years preceding the hearing.
In addition, we conclude that the father demonstrated that he is relatively more fit with respect to the quality of his home environment and his ability to provide for the child's emotional and intellectual development, particularly her educational needs (see generally Fox, 177 AD2d at 210-211). With respect to the relative financial status of the parties, the father worked full time, whereas the mother had not worked in the two years leading up to the hearing.
We therefore modify the order by vacating the first ordering paragraph insofar as it awarded primary physical placement of the child to the mother and awarding such placement to the father with visitation to the mother and vacating the second, third, eighth, and ninth ordering paragraphs, and we remit the matter to Family Court to fashion an appropriate visitation schedule (see Braga, 151 AD3d at 1926).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court