Mastrocola v Alcoff (2022 NY Slip Op 02364)

Mastrocola v Alcoff

2022 NY Slip Op 02364

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Gesmer, Oing, JJ. 

Index No. 350076/14 Appeal No. 15709 Case No. 2021-03272 

[*1]David Mastrocola, Plaintiff-Respondent,
v
Cherie Alcoff, Defendant-Appellant.

Cardi & Edgar LLP, New York (Dawn M. Cardi of counsel), for appellant.
Teitler & Teitler, LLP, New York (John M. Teitler of counsel) for respondent.

Order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered on or about July 29, 2021, which, to the extent appealed from as limited by the briefs, denied defendant mother's motion to enforce access provisions of the parties' custody stipulation and to replace the parties' parent coordinator, unanimously reversed, on the law, without costs, to grant the motion to the extent of enforcing the access provisions and adopting the mother's proposed 2021-2022 school-year access schedule, and to grant the mother's request to terminate the current parent coordinator and the matter is remanded for further proceedings to select a new parent coordinator.
The court should have granted the mother's motion to enforce the custody stipulation and adopted her proposed access schedule. The parties' custody stipulation comprehensively addresses parenting time, including anticipated scheduling conflicts. Plaintiff father does not dispute that the access rules and 2021-2022 school-year access schedule established by the parties' parent coordinator contravene provisions of the parties' custody stipulation relating to access. The father did not submit his own proposed 2021-2022 access schedule, and he does not argue that the mother's proposed schedule violates the custody stipulation.
Because the parent coordinator's access schedule and rules undisputedly violated the custody stipulation and the mother's proposed schedule was undisputedly consistent with that stipulation, the father, as the supporter of the parent coordinator's schedule, was, in effect, advocating for modification of the stipulation (see Matter of Juliette S. v Tykym S., 166 AD3d 509, 509 [1st Dept 2018]). However, he did not make a motion to modify the stipulation. Thus, the court improperly shifted the burden of proof to the mother when it required her to show that her schedule better served the best interests of the child.
The motion court should have granted the mother's request to replace the parties' parent coordinator in accordance with the terms of the custody stipulation, which provides that, if the parties cannot agree on whether an existing parent coordinator should be replaced, a party may seek such relief from the court. It is undisputed that the parent coordinator violated the custody stipulation's description and express limitation of her role by recommending a particular schedule and creating new scheduling rules that diverged from the schedule set forth in the custody stipulation. Furthermore, the relationship between the mother and the parent coordinator, which the motion court found to be characterized by "conflict," is incompatible with the intended role of the parent coordinator under the custody stipulation to assist the parties in "resolv[ing] Major Issues" on which the parties were unable to agree. Under these circumstances,
directing the parties to continue working with the current parent coordinator was not in the child's best interests, and further proceedings [*2]are necessary to appoint a new parent coordinator in accordance with the terms of the custody stipulation.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022