Matter of King v King (2025 NY Slip Op 01764)

Matter of King v King

2025 NY Slip Op 01764

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

947 CAF 23-01134

[*1]IN THE MATTER OF MICHELLE L. KING, PETITIONER-RESPONDENT-RESPONDENT,
v
MICHAEL T. KING, JR., RESPONDENT-PETITIONER-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JONATHAN GARVIN OF COUNSEL), FOR RESPONDENT-PETITIONER-APPELLANT. 
VAN LOON LAW, LLC, ROCHESTER (NATHAN A. VAN LOON OF COUNSEL), FOR PETITIONER-RESPONDENT-RESPONDENT.
MARY HOPE BENEDICT, BATH, ATTORNEY FOR THE CHILD.

 Appeal from an order of the Family Court, Monroe County (Thomas W. Polito, R.), entered June 12, 2023, in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner-respondent sole custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent-petitioner father appeals from an order that, inter alia, modified the parties' prior order of custody by awarding petitioner-respondent mother sole custody of the subject child and vacating the appointment of a parenting coordinator to mediate between the parties in the implementation of their custody arrangements.
Contrary to the father's contention, a sound and substantial basis in the record supports Family Court's determination that an award of sole legal custody to the mother was in the child's best interests (see Matter of Williams v Grau, 230 AD3d 1539, 1540 [4th Dept 2024]). "[J]oint custody should not be imposed on embattled and embittered parents who appear unable to put aside their differences for the benefit of the child" (Matter of Campbell v Knapp, 132 AD3d 1420, 1421 [4th Dept 2015], lv denied 26 NY3d 917 [2016] [internal quotation marks omitted]; see Leonard v Leonard, 109 AD3d 126, 128 [4th Dept 2013]; see generally Braiman v Braiman, 44 NY2d 584, 589-590 [1978]), and here the record establishes that the parties have an acrimonious relationship. We reject the father's contention that the court's best interests analysis "placed undue emphasis on [his] purported shortcomings." In making its determination, the court was required to consider all factors that could impact the best interests of the child (see Matter of K.C. v N.C., 215 AD3d 1238, 1240 [4th Dept 2023], lv denied 40 NY3d 907 [2023]; see generally Eschbach v Eschbach, 56 NY2d 167, 172 [1982]; Matter of Braga v Bell, 151 AD3d 1924, 1925 [4th Dept 2017], lv denied 30 NY3d 905 [2017]), and the court properly considered the father's actions and determined that his inability to work with the child's third-party providers, including the child's school and health care providers, was detrimental to the child (see Matter of James EE. v Vanessa EE., 228 AD3d 1025, 1026-1027 [3d Dept 2024]; Matter of Andrea C. v David B., 146 AD3d 1104, 1105-1106 [3d Dept 2017]; Matter of Warren v Miller, 132 AD3d 1352, 1354 [4th Dept 2015]). We also reject the father's contention that the court should have granted zones of decision-making power to each parent. The record supports the court's determination that such an arrangement would not be feasible in light of the negative effect of the father's involvement in decision making, as evidenced by the fact that the school [*2]had to limit the father's communications to the principal and vice principal; the fact that the pediatrician refused to communicate with the father; the existence of substantial conflicts between the father and the mother, including arguments concerning the use of in-network and out-of-network doctors; and the existence of friction between the father and the child's therapist (see Burns v Grandjean, 210 AD3d 1467, 1472 [4th Dept 2022]; Leonard, 109 AD3d at 128).
We reject the father's contention that the court erred in vacating its prior appointment of a parenting coordinator. During custody disputes, the court may "appoint a parenting coordinator to mediate between parties and oversee the implementation of their court ordered parenting plan" (Silbowitz v Silbowitz, 88 AD3d 687, 687-688 [2d Dept 2011]). Here, the court vacated the appointment on the ground that mediation was not feasible given the high level of conflict between the parties, noting that the appointed parenting coordinator "actually just gave up" because there was so much conflict between the parents. Contrary to the father's contention, the record supports the court's conclusion that assigning another parenting coordinator would not have been beneficial due to the high level of conflict between the parties (see generally Mastrocola v Alcoff, 204 AD3d 471, 472-473 [1st Dept 2022]).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court